Center v. Kramer _____ 18782
Cincinnati v. Ohio P. U. C. _____ 17777
Cincin. & S. Tel. Co. v. P. U. C. _____ 17779
Estabrook v. Ohio P. U. C. _____ 17776
Harrison v. State _____1_____ 17780
State ex v. Indus. Com. et_____ 17781

#### September 12

18776—Hubert A. Estabrook v. Public Utilities Commission; error to the Commission. Geiger & Halloran, Springfield, and Estabrook, Finn & McKee, Dayton, for plaintiff; C. C. Crabbe, and Jno. W. Bricker, Columbus for defendant.

18777—City of Cincinnati v. Public Utilities Commission; error to the Commission. Saul Zielonka, Oliver M. Dock and I. L. Forchheimer, Cincinnati, for plaintiff; C. C. Crabbe and J. W. Bricker, Columbus, for defendant.

#### September 15

18779—Cincinnati & Suburban Bell Telephone Co .v. Public Utilities Commission; error to the Commission. J. W. Heintzman and H. L. Nichols, Cincinnati, for plaintiff; C. C. Crabbe, Attorney General, and Jno. W. Bricker, Columbus for defendant.

#### September 16

18780—Dwight Harrison v. State of Ohio; motion for leave to file petition in error to Franklin Appeals. S. W. Bennett, Columbus, and C. J. Mattern and Robt. R. Nevin, Dayton, for plaintiff; John R. King, Pros. Atty., J. A. Godown and C. C. Crabbe, Atty. Gen., Columbus, for defendant.

18781—State of Ohio ex rel C. H. Vail v. Industrial Commission and Harry S. Day, Treasurer of State, in Mandamus. A. C. Hasse, Cleveland for plaintiff.

#### September 17

18782—Lena Center et al v. Edward Kramer, Administrator of the Estate of John Holstein; motion to direct Butler Appeals to certify record. Jno. A. Crist and Palmer & Elliot, Middletown, for plaintiffs; Shotts & Millikin and P .P. Boli, Hamilton, and W. H. Todhunter, Middletown, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

## No. 585
### FISHER BODY OHIO CO. v. SMOLINSKY

No. 18713. Supreme Court of Ohio

Pending on motion to require Cuyahoga Appeals to certify. Docketed

829. NEGLIGENCE — OCCUPATIONAL DISEASE—WORKMEN'S COMPENSATION.

Action commenced in Cuyahoga Common Pleas by Stanley Smolinsky against the Fisher Ohio Body Co. The parties are hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

Plaintiff filed an original petition seeking recovery of damages alleged to have resulted from an occupational disease contracted while in the employ of the defendant. A demurrer to this petition was sustained by the Court of Common Pleas. Thereafter the plaintiff filed two amended petitions and in the second amended petition alleged that he was employed by the defendant and engaged in applying lead to unfinished automobile bodies and smoothing the same by the use of sandpaper, which process set in motion lead dust, fumes and vapors which caused the plaintiff to contract a lead poisoning.

The defendant was charged with negligence in failing to provide reasonably effective devices to prevent the contraction by the plaintiff of the disease in violation of Section 871-15 and 871-16 and Section 66 of Ordinance 4618-A of Cleveland, and in failing and neglecting to warn the plaintiff of the dangerous character of his work.

The defendant answered setting up two defenses, the first consisting of a general denial of the negligence alleged, and the second alleging that at the time of the plaintic's injury defendant had complied with the Compensation Act, and that the plaintiff consequently could not maintain an action at law for occupational disease. No reply having been filed to the second defense, the defendant moved for a judgment upon the pleadings and the trial court granted such motion. The case was taken on error to the Court of Appeals, and it reversed the judgment of the Common Pleas upon the ground that the motion for judgment should not have been granted.

The defendant claims that its motion for judgment on the pleadings was well taken, and that the Court of Appeals erred in overruling the judgment of the trial court which sustained such motion. In support of its motion, the judgment of the trial court the defendant submits the following propositions:

1. That lead poisoning is an occupational disease.

2. That there is no right of action at common law in this state for injuries resulting from an occupational disease.

3. That if there were such a right of action, the Workmen's Compensation Act destroys such right (Zajachuch v. Storage Bat. Co. 106 OS. 538), and even though the 1921 amendment gives certain parties suffering from occupational diseases, the right to sue, plaintiff, in failing to allege that he was disabled within 12 months after his employment by defendant,

failed to allege facts which would entitle him to the benefits of such amendment.

4. That defendant, having alleged compliance with the Compensation Act, plaintiff's action will not lie because having failed to allege that some safety device could have been provided and the same would not have interfered with the work (see Kinzler v. Knox, 109 OS. 196), did not sufficiently allege breach of a lawful requirement.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Fisher Body; Day & Day, for Smolinsky; all of Cleveland.